IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  20-cv-61328-DIMITROULEAS/SNOW

TIM CANOVA,

    Plaintiff,

v.

BRENDA C. SNIPES, DOZEL
SPENCER, and the BROWARD
COUNTY SUPERVISOR OF ELECTIONS

    Defendant.

_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The Broward County Supervisor of Elections (the "SOE"), Dr. Brenda C. Snipes ("Dr. Snipes"), and Dozel Spencer ("Mr. Spencer"), collectively the "Defendants," pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss Plaintiff's Complaint. In support of its Motion, the Defendants state as follows:

## BACKGROUND

1. On June 16, 2020, Plaintiff, Tim Canova ("Plaintiff" or "Canova") filed a three-count Complaint against the Broward County Supervisor of Elections, Brenda C. Snipes, and Dozel Spencer, alleging violations of the First and Fourteenth Amendments under 42 U.S.C. § 1983 (Count I), Civil Conspiracy under 42 U.S.C. § 1983 (Count II), and Punitive Damages (Count III). Compl. at pp. 6, 7, 8.

2. Plaintiff alleges that he ran as a candidate for the Democratic Party nomination for United States House of Representatives in 2016. Compl. at ¶ 16.

3. The primary election took place on August 30, 2016. Plaintiff received 43.2% of the vote, while his opponent, Debbie Wasserman Shultz, received 56.8% of the vote. Compl. at ¶¶ 16, 17.

4. Plaintiff alleges that on March 10, 2017, his agent requested public records, including access to the physical paper ballots from the August 30, 2016 election, and on May 9, 2017, Plaintiff requested additional records. Compl. at ¶¶ 18, 19.

5. Plaintiff alleges that when the public records request was not responded to, Plaintiff filed an action under Chapter 119, Florida Statutes, in the 17th Judicial Circuit of Florida ("State Court Action") on June 7, 2017 against Dr. Snipes, as the Broward County Supervisor of Elections. Compl. at ¶¶ 20-22.

6. Plaintiff further alleges that on September 1, 2017, Dr. Snipes ordered the physical paper ballots from the Primary Election destroyed and, following that order, Mr. Spencer allegedly destroyed the records. Compl. at ¶¶ 24-25.

7. Ultimately, the trial judge in the State Court Action entered summary judgment in favor of the Plaintiff and ordered attorney's fees. Compl. at ¶¶ 28.

8. Plaintiff alleges that the SOE is a governmental agency and that the office of the SOE violated his rights. Compl. at ¶¶ 4, 13, 14.

9. Plaintiff alleges that Dr. Snipes and Mr. Spencer were government agents. Compl. at ¶¶ 2, 3.

10. Plaintiff now seeks to recover damages for the alleged violations of his constitutional rights stemming from the destruction of the physical paper ballots from the 2016 Primary Election. Compl. at ¶ 29.

For the reasons set forth below, Plaintiff's Complaint fails to state a claim and must be dismissed.

## MEMORANDUM OF LAW

The Defendants may move to dismiss the Complaint pursuant to Rule 12(b)(6) if Plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive the motion, Plaintiff's "obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Unless Plaintiff has "nudged his claim across the line from conceivable to plausible," the complaint "must be dismissed." *Id.*

### A. All Counts Fail Against the SOE Because the SOE is Not a Legal Entity with the Capacity to be Sued.

Federal Rules of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court lies." A supervisor of elections is an independent constitutional officer elected at the county level by the people of Florida. *See* Fla. Const. art. VIII, § 1(d); § 98.105(1), Fla. Stat; *See Jacobson v. Fla. Sec'y of State*, No. 19-14552, 2020 WL 5289377, at *11 (11th Cir. Sept. 3, 2020). Section 768.289(9)(a), Florida Statutes, provides that the "exclusive remedy for injury or damage allegedly caused by an 'act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers' is an action against the 'constitutional officer of which the officer, employee, or agent is an employee.'" *Navarro v. City of Riviera Beach*, 192 F.Supp.3d 1353, 1360-61 (S.D. Fla. June 29, 2016) (holding that the Sheriff's Office was not a proper party to be sued); *see also Ramsay v.*

*Broward Cnty. Sheriff's Office*, 303 Fed. Appx. 761, 763 n.1 (11th Cir. 2008) (noting that the proper defendant in the action is the Sheriff in his official capacity).

The Plaintiff alleges throughout his complaint that the SOE, as an office, violated his rights. *See e.g.* Compl. at ¶¶ 4, 13, 14. Plaintiff's claims against the SOE cannot be maintained because the SOE is not *sui juris* and cannot be sued. Therefore, Plaintiff has sued the wrong party and the Complaint must be dismissed against the SOE. However, as argued below, even if Plaintiff sued the proper party, the Complaint fails to state a claim against any Defendants.

**B. Count I Fails Because Plaintiff Cannot Allege A First or Fourteenth Amendment Violation Against the SOE or Dr. Snipes.**

To state a claim under 42 U.S.C. § 1983 ("Section 1983"), Plaintiff must allege that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983. Plaintiff attempts to allege a Section 1983 claim for the alleged violations of his First Amendment rights. Compl. at ¶¶ 30-38. However, Plaintiff has failed to allege sufficient facts to establish the existence of any constitutional violations.

1. Plaintiff Cannot Allege a First Amendment Violation

The First Amendment provides that Congress "shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. CONST. Amend. I. The First Amendment protects several rights associated with the political process, including the right to a meaningful or effective vote, the freedom of political association, and the "right to form a party for the advancement of political goals." *Williams v. Rhodes*, 383 U.S. 23, 30-31 (1968). There is no fundamental right to candidacy, but there may be arguably at least some constitutional right to candidacy. *See Randall v. Scott*, 610 F.3d 701, 711 (11th Cir. 2010) (citing *Bullock v. Carter*, 405 U.S. 134, 142-43 (1972)).

Plaintiff appears to allege that Defendants' alleged destruction of physical paper ballots more than a year after the election somehow interfered with his "right to candidacy." Compl. ¶ 36. Assuming, *arguendo*, that an individual may have some constitutional right to run for public office, Plaintiff still has not and cannot successfully allege that he actually suffered a deprivation of any constitutional rights. *See Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1152 (11th Cir. 2009) (finding that plaintiff must suffer a deprivation of rights to prevail on § 1983 claims). Unlike other cases examining the alleged violations of constitutional rights in elections, the conduct alleged here does not make it more difficult for individuals to vote or to choose the candidate of their choice, does not limit any political party's or candidate's access to the ballot, does not burden the associational rights of political parties by interfering with their ability to freely associate with voters and candidates of their choosing, and does not create the risk that some votes will go uncounted or be improperly counted. *See Jacobson*, 2020 WL 5289377, at *18 (collecting cases). Instead, Plaintiff alleges that he ran for office and received 43.2% of the vote in the August 30, 2016 election. *See* Compl. at ¶ 17.

At some point well after the election, Plaintiff requested records from the election, including access to physical paper ballots cast. *Id.* at ¶¶ 18, 19. These ballots were purportedly destroyed after Plaintiff's request. *Id.* at ¶ 23. Notably absent from Plaintiff's complaint are any allegations that he sought to timely challenging the election results or took any other acts to timely file an election contest.[1] *See* § 102.168, Fla. Stat. (providing the statutory framework for contesting

---

[1] Pursuant to section 102.168(2), Florida Statutes, any contest of election requires that the "contestant shall file a complaint, together with the fees described in chapter 28, with the clerk of the circuit court within 10 days after midnight of the date the last board responsible for certifying the results [of the election] officially certifies the results of the election being contested." For the August 2016 Primary Election, the date for the Broward County Canvassing Board to submit the certification of results no later than 5:00 p.m. on September 6, 2016 (the 7th day following the election). *See* § 102.112(2), Fla. Stat.

an election and requiring a complaint within 10 days after certifying the results). Instead, without any factual allegations, Plaintiff contends that his constitutional "right to candidacy" was violated because his public records request was not fulfilled. Compl. at ¶ 35. Despite characterizing the alleged destruction of ballots as "an irregularity in the election process," Plaintiff ignores that these actions occurred well after the election had concluded and well after any election contest could have been legally filed. Compl. at ¶ 35. The physical paper ballots that were destroyed had already been cast, counted, reported, certified, and the election process was complete. The destruction of paper ballots had no impact on Plaintiff's candidacy. Plaintiff's bare allegations are insufficient to state a First Amendment violation.

If Plaintiff is attempting to claim that Defendants violated his First Amendment right to access the courts by destroying the records at issue, this claim also fails. Plaintiff alleges that the destruction of records occurred pursuant to a destruction order on September 1, 2017, while the State Court Action was pending. Compl. at ¶¶ 24, 25. Any alleged violation occurred while the State Court Action was pending and, in fact, Plaintiff amended the complaint in the State Court Action to include a claim regarding the alleged destruction of the records. *See Canova v. Snipes, in her official capacity as Broward County Supervisor of Elections*, 17-010904(21), 17th Circuit Broward County, Florida. Accordingly, the "proper forum for addressing the abuse was the court hearing that case, not another court in a later lawsuit." *Henderson v. Frank*, 293 F. App'x 410, 413 (7th Cir. 2008). *See also Swekel v. City of River Rouge*, 119 F.3d 1259, 1263 (6th Cir. 1997) ("When the abuse transpires post-filing, the aggrieved party is already in court and that court usually can address the abuse, and thus, an access to courts claim typically will not be viable.").

2. <u>Plaintiff's due process claim fails because he had an adequate post-deprivation remedy.</u>

The Fourteenth Amendment provides, in relevant part, that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. Amend. XIV.  An unauthorized intentional deprivation of property by a state or municipal employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984).  Florida law permits individuals to file civil actions in state court to enforce the provisions of Florida's Public Records Act, thus providing an adequate post-deprivation remedy. *See* Fla. Stat. § 119.12; *Brewer v. Pensacola Police Dep't*, No. 3:15CV469/MCR/CJK, 2015 WL 8113253, at *4 (N.D. Fla. Nov. 13, 2015), *report and recommendation adopted sub nom.*, 2015 WL 8207502 (N.D. Fla. Dec. 7, 2015) (holding that because Florida's public records law provided the plaintiff with an adequate state law remedy to address the defendant's alleged failure to provide her with a requested record, he cannot establish that the defendant's actions violated her due process rights under the Fourteenth Amendment).

As Plaintiff alleged in the Complaint, not only did he file a civil action to enforce the Public Records Act, but he successfully obtained summary judgment from the state court.  Compl. ¶¶ 25-27.  Given that Plaintiff utilized this available post-deprivation remedy, it cannot be said that his due process rights were violated.

3. <u>Defendants Dr. Snipes and Mr. Spencer are entitled to qualified immunity.</u>

Additionally, even if Plaintiff has articulated a viable Section 1983 claim for the purported violation of his First and Fourteenth Amendment rights, Dr. Snipes and Mr. Spencer are shielded

from liability by qualified immunity. Qualified immunity protects government actors performing discretionary functions from being sued in their individual capacities to the extent that "their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 817-18 (1982). The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.* at 231. The Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). Because qualified immunity is an *immunity from suit* rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Because the defense of qualified immunity should be resolved at the earliest possible procedural moment, the Complaint must allege sufficient facts for the court to determine whether an official's conduct violated a constitutional right and that the alleged constitutional violation was clearly established at the time of the incident. *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1179 (11th Cir. 2009). Plaintiff's Complaint cites no law in support of his claim that an alleged destruction of paper ballots constitutes a First Amendment violation, and the undersigned has not found a case holding such. Rather, courts have held that qualified immunity applied where records have been destroyed. *See e.g., McCormick v. City of Lawrence*, 325 F. Supp. 2d 1191, 1206 (D. Kan. 2004), *aff'd sub nom.* 130 F. App'x 987 (10th Cir. 2005) (granting qualified immunity and holding "that it is not clearly established that destruction of recordings constitutes violation of the First Amendment); *Adeyi v. United States*, No. 06-CV-3842 (ARR), 2010 WL 520544, at *9 (E.D.N.Y. Feb. 8, 2010) (finding individual defendants were objectively reasonable in relying on

an Order and Record of Destruction and were thus entitled to qualified immunity); *Dreibelbis v. Scholton*, No. 4:CV 05-2312, 2006 WL 1626623, at *4 (M.D. Pa. June 7, 2006), *aff'd*, 274 F. App'x 183 (3d Cir. 2008) (finding that police officers were shielded by qualified immunity for the destruction of a video recording).  Here, at most, Plaintiff has alleged that Dr. Snipes and Mr. Spencer violated his rights under Florida's public records law, which according to Plaintiff's Complaint was already litigated in state court. *See* Compl. at ¶¶ 25-27.  However, nothing in the Complaint indicates that Dr. Snipes and Mr. Spencer violated a clearly established constitutional right.  Accordingly, both are entitled to qualified immunity.

### C. Count III, Civil Conspiracy, Fails to State a Claim.

It is unclear from Plaintiff's Complaint whether he is alleging civil conspiracy under federal law or state law, nevertheless both theories fail.

To state a civil conspiracy claim under Section 1983, a plaintiff must allege (1) a violation of his **federal rights** under color of law; (2) an understanding among the defendants to violate those rights; and (3) an actionable harm as a result of the conspiracy.  *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010).

Plaintiff, in conclusory fashion, alleges that Dr. Snipes, a government agent of the SOE, Mr. Spencer, a government agent of the SOE, and the SOE conspired to deprive Plaintiff of his constitutional rights. Compl. at ¶¶ 44-45. "An allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 556-57 (2007). Indeed, a complaint is justifiably dismissed because of the conclusory, vague, and general nature of the allegations of conspiracy. *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). Plaintiff's bare allegations of conspiracy are insufficient to state a claim of conspiracy and fall well short of the pleading requirements.

Even if Plaintiff sufficiently alleged civil conspiracy, Plaintiff's claim is barred by the intracorporate conspiracy doctrine. Under the intracorporate conspiracy doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves. *Grider, at* 1261 (11th Cir. 2010). The intracorporate conspiracy doctrine applies to public entities, as well as private. *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001) (holding that plaintiff's conspiracy claim failed under the intracorporate conspiracy doctrine because the only allegations of the conspiracy were between two city employees); *Rehberg v. Paulk*, 611 F.3d 828, 854 (11th Cir. 2010) (finding that intracorporate conspiracy doctrine barred Section 1983 conspiracy claim against a county employee). Because Plaintiff's allegations allege that the conspiracy only occurred between employees of the SOE and the SOE itself, Plaintiff's claim for civil conspiracy under 42 U.S.C. § 1983 fails against **all** Defendants.

Attempts to construe Plaintiff's Complaint to allege a civil conspiracy under Florida law suffer the same fatal flaws as his attempts to allege a Section 1983 civil conspiracy. Under Florida law a "civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997) (citations omitted). An "actionable conspiracy requires an actionable underlying tort or wrong." *Id.* Plaintiff's allegations of destruction of public records does not adequately allege an agreement between the parties or an underlying tort. And even if Plaintiff pled the elements for a civil conspiracy claim under Florida law, the Complaint still fails because Florida law provides that an employee cannot conspire with the employee's employer. *See Raimi*, 702 So. 2d at 1284*; see also Richard Bertram, Inc. v. Sterling*

*Bank & Trust*, 820 So. 2d 963, 966 (Fla. 4th DCA 2002) (holding that it is well settled that an employee cannot conspire with his or her employer).

Accordingly, Plaintiff's civil conspiracy claims, whether under federal or state law, or both, must be dismissed.

WHEREFORE, because the Defendants respectfully requests that this Court enter an Order dismissing with prejudice Plaintiff's Complaint.

> Respectfully submitted,
>
> Andrew J. Meyers
> Broward County Attorney
> Governmental Center, Suite 423
> 115 South Andrews Avenue
> Fort Lauderdale, Florida 33301
> Telephone: (954) 357-7600
> Facsimile: (954) 357-7641
>
> s/Adam Katzman
> Adam Katzman
> Assistant County Attorney
> Florida Bar No.: 652431
> E-mail: akatzman@broward.org
> Kristen McIntosh
> Assistant County Attorney
> Florida Bar No.: 1003315
> E-mail: kmmcinstosh@broward.org
> *Counsel for All Defendants*
> s/Nathaniel Klitsberg
> Nathaniel Klitsberg
> Assistant County Attorney
> Florida Bar No.:
> E-mail: nklitsberg@broward.org
> *Counsel for Peter Antonacci, Broward County Supervisor of Elections*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendants' Motion to Dismiss was served via CM/ECF on October 20, 2020, on all counsel of record.

Adam Katzman<br>
Adam Katzman<br>
Assistant County Attorney