IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-61328-DIMITROULEAS/SNOW

TIM CANOVA,

    Plaintiff,

v.

BRENDA C. SNIPES, DOZEL
SPENCER, and the BROWARD
COUNTY SUPERVISOR OF ELECTIONS

    Defendant.

_____/

## DEFENDANTS' MOTION TO CONSOLIDATE

The Broward County Supervisor of Elections (the "SOE"), Brenda C. Snipes ("Snipes"), and Dozel Spencer ("Spencer"), collectively the "Defendants," pursuant to Federal Rule of Civil Procedure 42(a) move to consolidate two cases, Case No. 20-cv-62100 with Case No. 20-cv-61328 for all purposes. Defendants submit that consolidation is appropriate because both cases involve the same allegations, operative facts, and law.  In support of its Motion, the Defendants state as follows:

## BACKGROUND

1. On July 2, 2020, Plaintiff, Tim Canova ("Plaintiff" or "Canova") filed a three count Complaint in the United States District Court for the Southern District of Florida, Case No. 20-cv-61328-DIMITROULEAS/SNOW, against the Defendants alleging violations of the First and Fourteenth Amendments under 42 U.S.C. § 1983 (Count I), Civil Conspiracy under 42 U.S.C. §

1

1983 (Count II), and for punitive damages (Count III). The Complaint was served on Defendants on September 29, 2020, and October 6, 2020.

2. On June 16, 2020, Plaintiff filed a three count Complaint in the Seventeenth Circuit in and for Broward County ("State Court") against the Defendants alleging violations of the First and Fourteenth Amendments under 42 U.S.C. § 1983 (Count I), a violation of Article VI of the Florida Constitution under 42 U.S.C. § 1983 (Count II), and Civil Conspiracy under 42 U.S.C. § 1983 (Count III). The Complaint was served on Defendants on September 29, 2020, and October 6, 2020. On October 15, 2020, Defendants removed Plaintiff's State Court Complaint to the United States District Court for the Southern District of Florida, Case No. 20-cv-62100-SINGHAL.

3. Both Complaints contain identical factual allegations. Specifically, that on March 10, 2017, Plaintiff's agent requested public records, including ballots from the August 30, 2016 election, and on May 9, 2017, Plaintiff requested additional records. When the public records request was not responded to Plaintiff filed an action under Chapter 119, Florida Statutes, in the Seventeenth Judicial Circuit of Florida on June 7, 2017. Plaintiff further alleges that on September 1, 2017, Snipes ordered the records destroyed. Spencer allegedly destroyed the records. Plaintiff seeks to recover damages for the alleged violations of his constitutional rights stemming from the destruction of the records. Two of the three counts against Defendants (First and Fourteenth Amendment and Civil Conspiracy) are identical.

**MEMORANDUM OF LAW**

As stated above, both Complaints allege the same conduct and seek damages for alleged violations of Plaintiff's constitutional rights.

Federal Rule of Civil Procedure 42(a) provides:

(a) If actions before the court involve a commons question of law or fact, the court may:

>    (1) join for hearing or trial any or all matters at issue in the actions;
>
>    (2) consolidate the actions; or
>
>    (3) issue any other orders to avoid unnecessary cost or delay.

Rule 42 is a "codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (internal quotations omitted). The Court's decision to consolidate is purely discretionary and in exercising its discretion the court must determine:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Eghnayem v. Boston Scientific Corporation*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix*, 776 F.2d at 1495). Indeed, "[t]he proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Valley Federal Sav. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995).

Here, all the factors weigh in favor of consolidation. First, the two Complaints involve the same plaintiffs, defendants, and attorneys. Second, but for the Florida Constitutional claim, Plaintiff brings the exact same claims in each case: First and Fourteenth Amendments under 42 U.S.C. § 1983 (Count I) and Civil Conspiracy under 42 U.S.C. § 1983 (Count II). Third, the underlying factual allegations are identical and thus the cases will involve common questions of fact and law and consolidation will eliminate the risk of inconsistent adjudications of factual and

legal issues. Further, consolidation will lessen the burden on the parties, witnesses, and available judicial resources. Finally, consolidation will also eliminate unnecessary repetition and confusion.

WHEREFORE, Defendants respectfully requests that this Court enter an Order consolidating the cases under the lower case number together for all purposes, including but not limited to discovery, pretrial procedure, motions, and trial.

Respectfully submitted,

Andrew J. Meyers
Broward County Attorney
Governmental Center, Suite 423
115 South Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 357-7600
Facsimile: (954) 357-7641

s/Adam Katzman
Adam Katzman
Assistant County Attorney
Florida Bar No.: 652431
E-mail: akatzman@broward.org
Kristen McIntosh
Assistant County Attorney
Florida Bar No.: 1003315
E-mail: kmmcinstosh@broward.org
*Counsel for Defendants*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1, I hereby certify that counsel for Defendants has made reasonable efforts to confer with Plaintiff. On October 15, 2020, Defendants' counsel emailed Plaintiff's counsel about the Motion. On October 16, 2020, Defendants' counsel sent a follow up email and exchanged emails back and forth with Plaintiff's counsel. On October 20, 2020, Plaintiff's counsel and Defendants' counsel corresponded by email, but were unable to resolve the issues.

s/Adam Katzman
Adam Katzman
Assistant County Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Motion to Consolidate was served via CM/ECF on October 20, 2020, on all counsel of record.

s/Adam Katzman
Adam Katzman
Assistant County Attorney
