IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

TIM CANOVA,

    Plaintiff,

v.                             Case No:   0:20-cv-61328-DIMITROULEAS/SNOW

BRENDA C. SNIPES, DOZEL SPENCER
And the BROWARD COUNTY SUPERVISOR
OF ELECTIONS,

    Defendants.
_____/

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE**

Plaintiff, TIM CANOVA, files his Response in Opposition to Defendants' Motion to Consolidate. Consolidation with this matter is improper because the pending related matter, Case No. 20-cv-62100-SINGHAL, is the first-filed matter. In support of his Response, Plaintiff states:

**INTRODUCTION**

Consolidation of Case No. 20-cv-62100-SINGHAL with the instant case is improper. Case No. 20-cv-62100-SINGHAL was the first-filed case and thus the instant matter should be transferred to Judge Singhal for consolidation with that matter.

**STATEMENT OF UNDISPUTED FACTS**

1.     On June 16, 2020, Plaintiff, Tim Canova, filed a three count Complaint in the Seventeenth Judicial Circuit Court in and for Broward County, Florida, Case No. CACE20-009862, against Defendants Brenda Snipes, Dozel Spencer, and the Broward County Supervisor of Elections ("Defendants"). *See* Exhibit A – Complaint from Case No. CACE20-009862. **This was the first-filed case relating to the parties and issues at hand in this matter.**

2.  On July 2, 2020, Plaintiff filed a three count Complaint in the United States District Court for the Southern District of Florida, Case No. 20-cv-61328-DIMITROULEAS/SNOW, against Defendants.

3.  On October 15, 2020, Defendants removed Plaintiff's case that was filed in the Seventeenth Judicial Circuit Court in and for Broward County, Florida to the United States District Court for the Southern District of Florida, where it was assigned Case No. 20-cv-62100-SINGHAL.

4.  On October 20, 2020, Defendants filed their Motion to Consolidate, wherein Defendants argued that Case No. 20-cv-62100-SINGHAL should be consolidated with the instant matter.

5.  Defendants' Motion to Consolidate is **improper**, because this matter is properly consolidated into the first-filed matter, Case No. 20-cv-62100-SINGHAL.

6.  Counsel for Defendants contacted counsel for Plaintiff to confer as to the Motion to Consolidate in this matter. At that time, Counsel for Plaintiff notified counsel for Defendants that consolidation of the related case with the instant case is improper due to the first-filed rule. Nonetheless, counsel for Defendants proceeded to file the Motion to Consolidate.

7.  Plaintiff will be filing a Motion to Consolidate with the court in Case No. 20-cv-62100-SINGHAL. Because Plaintiff's Motion to Consolidate in Case No. 20-cv-62100-SINGHAL should be granted, Defendants' motion in this matter must be denied.

## ARGUMENT

### A. Consolidation of the first-filed matter with the instant case is improper.

Defendants argue in their Motion to Consolidate that Case No. 20-cv-62100-SINGHAL should be consolidated with the instant matter. However, Defendants ignore the first-filed rule, which states that later-filed cases must be consolidated with the first-filed case. Because Case No.

20-cv-62100-SINGHAL was filed before the instant matter, consolidation of the first-filed case with this case is improper.

As noted by Defendants in the Motion to Consolidate, consolidation is governed by Federal Rule of Civil Procedure 42. Nonetheless, Defendants are seeking to subvert the purpose of the rule by ignoring the first-filed rule.

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (citations omitted). "[T]he party objecting to jurisdiction in the first-filed forum carr[ies] the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Id.* Further, it is axiomatic in the Eleventh Circuit that parallel litigation will be consolidated in the first-filed matter. *See*, *e.g.*, *Zampa v. JUUL Labs, Inc.*, 2019 U.S. Dist. LEXIS 68556 (S.D. Fla. Apr. 23, 2019) (quoting *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013)).

The case to be considered "first-filed" when applying this rule is that which was filed first in time. This is true even when the first-filed case was originally filed in state court and subsequently removed to federal court. *See Heritage Schooner Cruises, Inc. v. Acadia Ins. Co.*, 2009 U.S. Dist. LEXIS 141684, at *3-4 (S.D. Fla. Nov. 30, 2009) ("[T]here is substantial authority . . . that the date the removed action was filed in state court is the controlling date for the purposes of determining which of the two actions has priority under the first filed rule."); *see also Pollution Prevention Sys., Inc. v. Inter Recycling, Inc.*, 1996 U.S. Dist. LEXIS 9351, at *8 (M.D. Fla. 1996) (stating that the date of filing in state court was the benchmark to determine which case was filed first); *Manuf. Hanover Tr. Co. v. Palmer Corp.*, 798 F. Supp. 161, 166 (S.D.N.Y. 1992) (stating that the date of filing in state court was the benchmark to determine which case was filed first);

*Feinstein v. Brown*, 304 F. Supp. 2d 279, 282-83 (D.R.I. 2004) (stating that **every** court that has confronted this issue has found that the date of filing in state court was controlling).

The Southern District of Florida has repeatedly applied the first-filed rule in this manner. In *Nebula Glass International, Inc. v. Budnick Converting, Inc.*, 2010 U.S. Dist. LEXIS 10224 (S.D. Fla. Feb. 5, 2010), the Southern District held that a case filed first in Illinois state court and subsequently removed to federal court was nonetheless the first-filed case when compared to a case filed in the Southern District of Florida. In *Technology Insurance Co. v. ExecuFlight, Inc.*, 2019 U.S. Dist. LEXIS 217843 (S.D. Fla. Dec. 18, 2019), the Southern District likewise held that filed in state court before a subsequent federal case was first-filed for the purposes of the analyzing the first-filed rule.

While Plaintiff is agreeable to consolidating the cases, Plaintiff disagrees that the first-filed suit – 20-cv-62100-SINGHAL – should be consolidated with the second-filed suit – the instant matter. The date the removed action was filed in state court is the controlling date for the purposes of determining which of the two cases has priority under the first-filed rule. *See Tech. Ins. Co. v. ExecuFlight, Inc.*, 2019 U.S. Dist. LEXIS 217843. Defendants bear the burden of demonstrating the first-filed rule does not apply. *See Manuel*, 430 F.3d at 1135. Defendants cannot carry this burden and indeed have simply attempted to ignore the first-filed rule entirely in their motion.

Consolidation of the first-filed matter with the instant matter is improper. Defendants' motion should be denied.

## **CONCLUSION**

Because Case No. 20-cv-62100-SINGHAL is the first-filed matter, consolidation of that case with the instant matter is improper. Defendants' Motion to Consolidate must be denied.

WHEREFORE, Plaintiff, TIM CANOVA, respectfully requests that this Honorable Court enter an order denying Defendants' Motion to Consolidate, along with any other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF on October 23, 2020, on all counsel of record.

> DUTTON LAW GROUP, P.A.
> P. O. Box 260697
> Tampa, Florida  33685-0697
> Designated Email Service addresses:
> service.CSD@duttonlawgroup.com
> service.AAS@duttonlawgroup.com
> Phone: (813) 247-2222
>
> /s/ *Christopher S. Dutton*
> _____
> CHRISTOPHER S. DUTTON, ESQUIRE
> Florida Bar No:  115714
> ANDREW STEADMAN, ESQUIRE
> Florida Bar No. 119402

# 36203