IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-61328-SINGHAL/VALLE

TIM CANOVA,

    Plaintiff,

v.

BRENDA C. SNIPES, DOZEL
SPENCER, and the BROWARD
COUNTY SUPERVISOR OF ELECTIONS

    Defendant.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Brenda C. Snipes, Dozel Spencer, and the Broward County Supervisor of Elections ("SOE"), collectively, ("Defendants") hereby file their Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss ("Response") and states as follows:

Plaintiff's Response fails to adequately address the Defendants' arguments that the Complaint fails to state a claim. Accordingly, Plaintiff's Complaint is due to be dismissed.

**A. The SOE is Not a Legal Entity with the Capacity to be Sued.**

Despite Plaintiff's protestations that they have sued the correct party, Plaintiff cites no case law supporting his argument. Indeed, the case law cited by Plaintiff does not address the issue at all, and Plaintiff's argument that suing the correct party is a mere "legal technicality" is belied by the Federal Rules of Civil Procedure and applicable case law.

Rather than characterizing the failure to sue an entity that does not have the legal capacity to be sued as a "legal technicality," the Eleventh Circuit Court of Appeals has characterized this error as a deficiency in the complaint "that runs to a plaintiff's ability to state a claim." *Silberman*

1

*v. Miami-Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). As argued in its Motion to Dismiss, the SOE is not a legal entity with the capacity to be sued. Similarly, the Broward Sheriff's Office, also an independent constitutional officer, has been found to be an entity that does not have the capacity to be sued. *Ramsay v. Broward Cnty. Sheriff's Office*, 303 Fed. Appx. 761, 763 n.1 (11th Cir. 2008) (noting that the proper defendant in the action is the Sheriff in his official capacity); *Navarro v. City of Riviera Beach*, 192 F.Supp.3d 1353, 1360-61 (S.D. Fla. June 29, 2016) (holding that the Sheriff's Office was not a proper party to be sued).

Here, Plaintiff's failure to sue an entity with the capacity to be sued merits dismissal of the Complaint.

### B. Plaintiff Fails to Allege A First or Fourteenth Amendment Violation Against the SOE or Dr. Snipes.

Plaintiff makes a variety of conclusory statements in the Complaint such as that he has a right to run for office and that he has a right to candidacy. A review of Plaintiff's Complaint reveals the following factual allegations: (1) Plaintiff ran for office in 2016; (2) he lost by a large margin (56.8% to 43.2%); (3) approximately a seven months later he requested the paper ballots from the election; (4) he did not receive the paper ballots; and (5) he filed a public records lawsuit in 2017 where he alleged that the paper ballots were destroyed. Notably absent from Plaintiff's Complaint are **ANY** allegations that Plaintiff attempted to timely challenge this election through either the statutes available under Florida law or any other means. *See* § 102.168, Fla. Stat. (providing the statutory framework for contesting an election and requiring a complaint within 10 days after certifying the results). Plaintiff's response attempts to rewrite history and bootstrap a First Amendment claim by arguing that the destruction of the paper ballots deterred him from exercising his right to candidacy in the future and that he is entitled to a presumption that his right to candidacy was harmed by election "irregularities." However, the election Plaintiff complains of

was completed over seven months prior to his public records request. Plaintiff does not and cannot legitimately allege a First Amendment or Fourteenth amendment claim that votes were not counted or there were election irregularities - four years after the election.

Plaintiff cites to a myriad of case law, but none of it establishes any support for Plaintiff's attempt to state a First or Fourteenth Amendment violation. No case cited by Plaintiff holds that the failure to retain a ballot well after the certification of an election is a federal constitutional deprivation or even an "election regularity." In fact, federal courts are loathe to inject themselves in state election proceedings. "If every state election irregularity were considered a federal constitutional deprivation, federal courts would adjudicate every state election dispute, and the elaborate state election contest procedures, designed to assure speedy and orderly disposition of the multitudinous questions that may arise in the electoral process, would be superseded by a section 1983 gloss." *Gamza v. Aguirre*, 619 F.2d 449, 453 (5th Cir. 1980).

Plaintiff merely ignores that the alleged actions of the SOE and its employees occurred well after the election had concluded and well after any election contest could have been legally filed. The physical paper ballots that were allegedly destroyed had already been cast, counted, reported, certified, and the election process was complete. The destruction of paper ballots had no impact on Plaintiff's candidacy or any right to run for office.

Further, the Public Records Act does not confer any additional rights to Plaintiff other than what is statutorily permitted by Florida law. *See* § 119.12(4), Fla. Stat. ("This section does not create a private right of action authorizing the award of monetary damages for a person who brings an action to enforce the provisions of this chapter. Payments by the responsible agency may include only the reasonable costs of enforcement, including reasonable attorney fees, directly attributable to a civil action brought to enforce the provisions of this chapter."). 52 U.S.C. § 20701 also does not create a private cause of action authorizing the award of monetary damages.

Plaintiff further mischaracterizes the Defendants' argument with respect to his Fourteenth Amendment claim. Plaintiff had two remedies to address his purported due process claims. First, Plaintiff could have filed a post-election contest pursuant to state law. The post-election contest may be filed based on a variety of grounds including ineligibly of the successful candidate for the nomination in dispute; or the receipt of a number of illegal votes or rejection of a number of legal votes sufficient to change or place in doubt the result of the election. § 102.168, Fla. Stat. (2016). The Florida Public Records Act also provides an adequate remedy. *See* Fla. Stat. § 119.12; *Brewer v. Pensacola Police Dep't*, No. 3:15CV469/MCR/CJK, 2015 WL 8113253, at *4 (N.D. Fla. Nov. 13, 2015), *report and recommendation adopted sub nom.*, 2015 WL 8207502 (N.D. Fla. Dec. 7, 2015) (holding that because Florida's public records law provided the plaintiff with an adequate state law remedy to address the defendant's alleged failure to provide her with a requested record, he cannot establish that the defendant's actions violated her due process rights under the Fourteenth Amendment).

Plaintiff's Complaint is devoid of allegations that he ever filed a post-election complaint contesting any votes or "election irregularities." Plaintiff did file a Public Records Act lawsuit in which he alleges that he did not receive the records and that the records were destroyed. Thus, Plaintiff fails to state a due process claim.

### C. Plaintiff Cannot State a Claim for Relief for Violation of Article VI of the Florida Constitution.

Plaintiff's response ignores that his Complaint seeks damages under Section 1983 for alleged violations of state law. This failure standing alone justifies dismissal of his Complaint. *Ensley v. Soper*, 142 F.3d 1402, 1406 n.4 (11th Cir. 1998) (noting that a plaintiff cannot base a Section 1983 claim solely on an alleged violation of non-federal law). Compounding this error is

Plaintiff's proposition that the SOE waived sovereign immunity and that money damages are available against the Defendants for violation of Article VI of the Florida Constitution.

Plaintiff contends that Chapter 119, Florida Statutes, ("Public Records Act") waived the SOE's sovereign immunity. While, the Public Records Act provides that an individual may bring suit for alleged violations of such law, the same cannot be said for violations of Article VI of the Florida Constitution. To be sure, Plaintiff cites to no law stating otherwise. Moreover, Plaintiff fails to respond to the Defendants' argument that money damages are not available for alleged violations of Article VI of the Florida Constitution. Accordingly, it appears that Plaintiff concedes this issue and the Defendants are entitled to dismissal of this count.

### D. Plaintiff Cannot State a Claim for Civil Conspiracy.

In similar fashion to his Complaint, Plaintiff alleges in conclusory fashion that he has stated a claim for civil conspiracy. Plaintiff made no effort to elucidate to the Defendants or this Court whether the civil conspiracy claim was under state or federal law, or both. Plaintiff cites two cases to support his claim that he adequately alleged a civil conspiracy. Neither case provides a modicum of support to contest the Defendants' arguments that the civil conspiracy claim is foreclosed by the intercorporate conspiracy doctrine or that Plaintiff adequately alleged the factual basis for a civil conspiracy claim.

As argued in Defendants' Motion to Dismiss, the intracorporate conspiracy doctrine bars Plaintiff's civil conspiracy claim. *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001) (holding that plaintiff's conspiracy claim failed under the intracorporate conspiracy doctrine because the only allegations of the conspiracy were between two city employees); *Richard Bertram, Inc. v. Sterling Bank & Trust*, 820 So. 2d 963, 966 (Fla. 4th DCA 2002) (holding that it is well settled that an employee cannot conspire with his or her employer). Therefore, Plaintiff's civil conspiracy claim must be dismissed.

WHEREFORE, the County respectfully requests that this Court enter an Order dismissing Plaintiffs' counts against the County with prejudice.

Respectfully submitted,

Andrew J. Meyers
Broward County Attorney
115 South Andrews Avenue, Suite 423
Fort Lauderdale, Florida 33301
Telephone: (954) 357-7600
Facsimile: (954) 357-7641

By: s/Adam Katzman
Adam Katzman
Assistant County Attorney
Florida Bar No.: 652431
E-mail: akatzman@broward.org
Kristen McIntosh
Assistant County Attorney
Florida Bar No.: 1003315
E-mail: kmmcinstosh@broward.org
*Counsel for All Defendants*
s/Nathaniel Klitsberg
Nathaniel Klitsberg
Assistant County Attorney
Florida Bar No.:
E-mail: nklitsberg@broward.org
*Counsel for Peter Antonacci, Broward County Supervisor of Elections*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendants' Motion to Dismiss was served via CM/ECF on November 17, 2020, on all counsel of record.

s/Adam Katzman
Adam Katzman
Assistant County Attorney
