UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TIM CANOVA,

    Plaintiff,

v.                                                  Case No:  0:20-cv-61328-WPD

BRENDA C.S NIPES, DOZEL SPENCER
And the BROWARD COUNTY SUPERVISOR
OF ELECTIONS,

    Defendants.
_____/

## PLAINTIFF'S OBJECTION TO DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENAS DUCES TECUM AND MOTION FOR PROTECTIVE ORDER

Plaintiff, TIM CANOVA, by and through the undersigned counsel, hereby files this Objection to Defendant's Notice of Issuance of Subpoenas Duce Tecum and Motion for Protective Order. This motion is made in accordance with the provisions of Federal Rules of Civil Procedure 26(c)(1)(7) and 45(d). In support of the motion, Plaintiff states:

### INTRODUCTION

Plaintiff objects to the subpoenas *duces tecum* filed by Defendants in this matter to the extent that they seek privileged or protected information. Plaintiff is entitled to a protective order as to the subpoenas to the extent that they seek privileged or protected information.

### FACTUAL BACKGROUND

1. On or about February 18, 2021, Defendants filed a notice of issuance of subpoenas *duces tecum* seeking documents from certain non-parties. *See* Defendants' Omnibus Notice of Issuance of Subpoenas *Duces Tecum* to (1) Broad and Cassel; (2) Leonard Michael Collins; and (3) Frank P. Rainer.

2. The notice purported to contain subpoenas directed to Broad and Cassel, Leonard Michael Collins of GrayRobinson, PA, and Frank P. Rainer, General Counsel for Memorial Healthcare System.

3. However, the notice appeared to simply contain three copies of the same subpoena, directed to:

> Records Custodian, Broad and Cassel, 215 S. Monroe Street, Suite 400, Tallahassee, Florida 32301

4. The subpoenas sought documents in five categories, including any "partially executed settlement agreement," "any and all drafts of the settlement agreement," communications between Plaintiff and Defendants, and "a copy of any and all documents reflecting the settlement payment paid in *Canova I*."

## ARGUMENT

Plaintiff objects to each of the subpoenas. Specifically, the subpoenas seek information that is protected by work product and attorney-client privilege, including drafts of a settlement agreement, as well as "any and all documents" reflecting a settlement payment paid. Plaintiff is entitled to a protective order as to the subpoenas.

Primarily, "[i]f a subpoena is overly broad and burdensome, the court may, on its own initiative, modify the language in order to correct the ambiguity and prevent the undue burden." *See Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 695 (D. Nev. 1994) (citing *Westside Ford v. U.S.*, 206 F.2d 627, 635 (9th Cir. 1953)).

Further, "the standing to challenge a subpoena issued to a third party rests solely on the ability to assert an infringement on a *personal* right or privilege." *Rice v. RellaStar Life Ins. Co.*, 2011 U.S. Dist. LEXIS 113773, at *5 (M.D. Fla. Oct. 3, 2011); *see also Diamond State Ins. Co.*, 157 F.R.D. at 695. In this context, the "term 'privileged' refers to protections afforded by the rules

of evidence." *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 555 (N.D. Ga. 2001) (citations omitted).

In this matter, while the formal settlement agreement itself signed by the parties is likely not privileged, any drafts and internal work product between Plaintiff and Plaintiff's attorneys at the time are protected by Plaintiff's personal attorney-client privilege and are work product. Likewise, "a copy of any and all documents reflecting the settlement payment paid in *Canova I*" necessarily encompasses communications and documents that are protected by privilege.

Plaintiff additionally objects generally to the subpoenas to the extent that they seek documents that properly should be requested from Plaintiff in a request for production. Defendants likely possess the non-privileged documents sought by the subpoenas already. For example, the subpoenas seek "a copy of the fully executed settlement agreement," which should already be in Defendants' possession. Nonetheless, seeking these documents from nonparties is an unnecessary step.

## CONCLUSION

Plaintiff objects to the subpoenas issued by Defendants. Plaintiff is entitled to a protective order as to the subpoenas to the extent that they seek privileged or protected documents and are overbroad and unduly burdensome.

WHEREFORE, Plaintiff, TIM CANOVA, respectfully requests that this Honorable Court grant the instant motion, enter a protective order in its favor as to the subpoenas, along with any other such relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of _____ 2021, the foregoing document was served by email on all counsel of record listed in the Service List below.

                                      DUTTON LAW GROUP, P.A.
P. O. Box 260697
Tampa, Florida  33685-0697
Designated Email Service addresses:
service.CSD@duttonlawgroup.com
service.AAS@duttonlawgroup.com
Phone: (813) 247-2222

*/s/ Christopher S. Dutton*
CHRISTOPHER S. DUTTON, ESQUIRE
Florida Bar No:  115714
ANDREW STEADMAN, ESQUIRE
# 36553                                  Florida Bar No. 119402

## SERVICE LIST

**Canova v Snipes, et al., 20-cv-61328-SINGHAL/VALLE**

**Kristen M. McIntosh**
**Assistant County Attorney**
**Broward County Attorney**
**115 S. Andrews Avenue, Suite 423**
**Fort Lauderdale, FL  33301**
**kmmcintosh@broward.org**


**Andrew J. Meyers**
**Assistant County Attorney**
**Broward County Attorney**
**115 S. Andrews Avenue, Suite 423**
**Fort Lauderdale, FL  33301**
**akatzman@broward.org**