UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-cv-61328-SINGHAL

TIM CANOVA,

    Plaintiff,

v.

BRENDA C. SNIPES, DOZEL SPENCER,
and the BROWARD COUNTY
SUPERVISOR OF ELECTIONS,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

This action arises from events that took place during and after the 2016 election cycle. Plaintiff Tim Canova ("Canova") sought the Democrat Party's nomination for the United States House of Representatives in the 23rd congressional district in the 2016 primary elections. According to the certified election results, he lost to the incumbent, Congresswoman Debbie Wasserman Schultz, by roughly 13.5%. However, the litigation that followed the election—including this action now over four years later—is not over the result itself. It is the manner in which the office of the Broward County Supervisor of Elections ("SOE") and then-Supervisor of Elections, Defendant Brenda C. Snipes, handled Canova's post-election challenge and, specifically, requests for information under Florida's open-government laws that Canova has litigated for years. This action is the latest iteration. Defendants now move to dismiss the complaint. Being fully advised in the premises, the motion (DE [12]) is **GRANTED**.

**I.     BRIEF BACKGROUND**

Following his defeat, in early 2017, Canova's campaign filed a formal public records request with the SOE, seeking records to be produced under chapter 119, Florida Statutes. Specifically, the campaign sought records associated with the 2016 primary election, including ballots. Compl. ¶ 18 (DE [1]). Canova filed a follow-up public records request in May 2017. *Id.* ¶ 19. Frustrated with the slow pace of the SOE's compliance, Canova filed suit against Snipes in state court in Broward County to compel production of the public records under Florida's Public Records Act[1] and to declare that Snipes was in breach of her constitutional and statutory duties to permit access to public records. *Id.* ¶¶ 20, 22.

During discovery, Canova sought production of "various documents in relation to his prior public records requests." *Id.* ¶ 23. However, during this period, Snipes signed off on the destruction of some of the public records sought by Canova. *Id.* ¶ 24. On November 6, 2017, the state court heard Canova's motion to compel, where Canova learned for the first time that Snipes "personally ordered" the destruction of paper ballots from the 2016 primary election and that Defendant Dozel Spencer did, in fact, destroy them. *Id.* ¶ 25. With this information, Canova moved for summary judgment, arguing no genuine issue of material fact existed that Snipes "wrongfully certified in the authorization to destroy that the records . . . were not the subject of litigation." *Id.* ¶ 26. The state court, on May 11, 2018, granted summary judgment in Canova's favor, ruling that Snipes violated the Florida Public Records Act, and granted Canova attorneys' fees. *Id.* ¶ 28.

---

[1] *See* Fla. Stat. § 119.05.

Canova now brings this action in federal court "seek[ing] to recover damages for the violations of his constitutional rights that resulted from the destruction of the aforementioned records." *Id.* ¶ 29. He brings three counts under 42 U.S.C. § 1983 against Defendants: (1) a violation of the First and Fourteenth Amendments; (2) a claim for civil conspiracy; and (3) a claim for punitive damages.

## II.   LEGAL STANDARD ON A MOTION TO DISMISS

"When evaluating a motion to dismiss under Rule 12(b)(6), the question is whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Worthy v. City of Phenix City*, 930 F.3d 1206, 1217 (11th Cir. 2019) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Worthy*, 930 F.3d at 1217. The Court is guided by the well-known principle that, on a motion to dismiss for failure to state a claim, the Court assumes all well-pled allegations in the Complaint are true and views them in the light most favorable to the plaintiff. *Jackson v. Okaloosa Cty.*, 21 F.3d 1531, 1534 (11th Cir. 1994).

## III.   DISCUSSION

Defendants raise two basic arguments. First, they argue that SOE is not a legal entity with the capacity to be sued. Second, they argue that Canova has failed to state legal claims under the First and Fourteenth Amendments and for a civil conspiracy. The Court has considered each of the arguments and writes only to address the following.

### A. SOE's Capacity to Be Sued

Defendants reference Florida's sovereign immunity statute in arguing that SOE is not a legal entity with the capacity to be sued. The statute reads, in relevant part:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. However, such officer, employee, or agent shall be considered an adverse witness in a tort action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function. ***The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.*** The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.29(9)(a) (emphasis added). They rest their argument exclusively on the emphasized language above. They also cite to two cases: *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1360–61 (S.D. Fla. 2016), and *Ramsay v. Broward County Sheriff's Office*, 303 F. App'x 761, 763 n.1 (11th Cir. 2008). But neither of these cases supports Defendants' position.

Neither does the emphasized language. To the contrary, Defendants' argument belies the plain language of the statute. It is clear the statute insulates and protects "officer[s], employee[s], or agent[s] of the state or of any of [the state's] subdivisions" from personal liability. That is it. In no way does it preclude a plaintiff from naming a

4

government entity as defendant in suit.  In fact, the very language on which Defendants rely so heavily rather clearly states that the "exclusive remedy" for plaintiffs is "against ***the governmental entity***, or the head of such entity in her or his official capacity." Naming a government entity as a defendant is common.  Indeed, even a cursory review of the case law shows numerous times plaintiffs have named SOE as defendant.  *See, e.g.*, *Lopez v. Broward Cty. Supervisor of Elections*, 2007 WL 9701697 (S.D. Fla. Apr. 11, 2007).  Even if Defendants' position is that Plaintiffs are prohibited from naming SOE as defendant and, rather, were required to name "Joe Scott, in his official capacity as Supervisor of Elections of Broward County," this again belies the plain language of the statute.  Again, the "exclusive remedy" for plaintiffs is "against *the governmental entity*, ***or*** the head of such entity in her or his official capacity."  The Court finds no merit in this argument.

### B. Canova's § 1983 Claims Under the First and Fourteenth Amendments

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "To obtain relief under 42 U.S.C. § 1983, a plaintiff must meet two elements: (1) the conduct complained of must be committed by a person acting under color of state law; and (2) the conduct must deprive the plaintiff of rights or privileges secured by the Constitution or laws of the United States."  *Walker v. Atlanta Police Dep't Public Affairs Unit*, 322 F. App'x 809, 811 (11th Cir. 2009).  "However, § 1983 is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Booth v. City of Roswell*, 754 F. App'x 834, 837 (11th Cir. 2018)

(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Thus, "[t]he first step in a § 1983 claim is to identify the specific constitutional right allegedly infringed." *Id.*

In this action, Canova brings his § 1983 claim under the First and Fourteenth Amendments.  The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."  U.S. Const. amend. I.  Of the five enumerated rights, the First Amendment obviously does not establish some sort of right to a political candidacy.  Thus, Defendants' lengthy argument that Canova has not stated a First Amendment claim because he had no constitutional right to run for office is well taken.  And it is compelling.  It is clear Canova never had a constitutional right, the violation of which would be actionable under the First Amendment, to run for the U.S. House of Representatives.  To hold otherwise would be entirely contrary to the plain language of the First Amendment.  It would also be inconsistent with First Amendment jurisprudence.  In fact, the cases Canova cites to are not only distinguishable, but also inapplicable.  *E.g.*, *Randall v. Scott*, 610 F.3d 701, 711 (11th Cir. 2010) (involving a *retaliation claim* for employment termination related to candidate's run for office).  Even to the extent that he cites to *Eu v. San Francisco County Democratic Central Committee*, 489 U.S. 214, 231 (1989), for the position that actions by government officials that negatively impact the fairness of an election thus deprive a candidate of the First Amendment right to participate in the election, the case is inapplicable because the complained-of conduct here by Defendants did not deprive Canova of the right to run for office, but, rather, the right under Florida law to seek public records.

Nevertheless, the case law on First Amendment claims brought under § 1983 appears to have a unique quirk to it. As a district court in New York recognized: "In an election case, where a plaintiff alleges a First Amendment claim based on the violation of election law by state actors, rather than alleging that the election law itself is unconstitutional, the First Amendment analysis converges with the due process analysis." *Westchester Cty. Indep. Party v. Astorino*, 137 F. Supp. 3d 586, 625 (S.D.N.Y. 2015). It appears this is precisely why Count I in the complaint incorporates *both* the First *and* the Fourteenth Amendments. Canova alleges that Defendants' intentional destruction of the very records he sought in his public records request deprived him of certain due-process rights, including the ability to inspect and ascertain the validity and proper counting of the ballots. Thus, in the Court's view—and consistent with other district courts' application of First Amendment jurisprudence in election cases—Canova's claim under the First Amendment lives and dies with his due-process claim under the Fourteenth Amendment. *See Astorino*, 137 F. Supp. 3d at 625 ("Because, for the reasons discussed above, [Plaintiffs'] due process claim fails, their First Amendment claim likewise fails."). If he cannot state a claim under the Fourteenth Amendment, he cannot state one under the First Amendment, either. It is the Court's conclusion that he cannot.

The Fourteenth Amendment provides, in relevant part, that "[n]o State shall make or enforce any law which shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. As Canova alleges, not only did he file a civil action to enforce the Florida Public Records Act, but also he successfully obtained summary judgment in state court. The Supreme Court has addressed situations similar to these, and stated rather unambiguously: "[A]n unauthorized intentional deprivation of property by a state [or municipal] employee does not constitute a violation

of the procedural requirements of the Due Process Clause of the Fourteenth Amendment *if a meaningful post-deprivation remedy for the loss is available.*" *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (emphasis added); *Brewer v. Pensacola Police Dep't*, 2015 WL 8113253, at *4 (N.D. Fla. Nov. 13, 2015) ("Because plaintiff has an adequate state law remedy to address defendant Baer's alleged failure to provide her with an unedited video, she cannot establish Baer's actions violated her due process rights under the Fourteenth Amendment."). Like in *Hudson* and *Brewer*, Canova not only had post-deprivation remedies available to him, but he also used them and obtained judgment in his favor.

### C. Canova's Claim for Civil Conspiracy

To state a claim for civil conspiracy under § 1983, a plaintiff must allege (1) a violation of his federal rights under color of law; (2) an understanding among the defendants to violate those rights; and (3) an actionable harm as a result of the conspiracy. *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010). Under Florida law a "civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997).[2]

Defendants argue that Canova's allegations are cursory and insufficient. He seems to allege that Snipes and Spencer, both government agents of SOE, and SOE conspired to deprive him of his constitutional rights. "An allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does

---

[2] Defendants point out that it is unclear whether Canova alleges a civil conspiracy under federal law or under Florida law.

not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 556–57.

However, the deficiencies in Canova's allegations are more than mere pleading; they are fatal. Defendants argue the well-known intracorporate conspiracy doctrine bars Canova's claim as a matter of law. Simply, a corporation (or, for this matter, a public entity) cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves. *Grider*, 618 F.3d at 1261; *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001). There is no plausible way to construe Canova's allegations as any way other than Snipes, Spencer, and SOE conspiring among themselves. This is simply not actionable.

## IV.    CONCLUSION

Defendants' Motion to Dismiss the Complaint (DE [12]) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**. The heart of Canova's claims does not implicate causes of action no matter how many times he is afforded to amend. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 18th day of March 2021.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel via CM/ECF