**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:  20-cv-61328-SINGHAL/VALLE

TIM CANOVA,

     Plaintiff,

v.

BRENDA C. SNIPES, DOZEL
SPENCER, and the BROWARD
COUNTY SUPERVISOR OF ELECTIONS

     Defendant.

_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER**

     Brenda C. Snipes, Dozel Spencer, and the Broward County Supervisor of Elections (collectively, the "Defendants") files its response to Plaintiff's Objection to Defendants' Notice of Issuance of Subpoenas Duces Tecum and Motion for Protective Order ("Motion") and in support thereof states as follows:

**INTRODUCTION AND PROCEDURAL BACKGROUND**

     1.    In 2017, Plaintiff Tim Canova ("Plaintiff") filed a public records lawsuit in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No. 17-010904 ("*Canova I*"), against Ms. Snipes, now the former Supervisor of Elections for Broward County. In 2018, Ms. Snipes, in her capacity as Supervisor of Elections, and Plaintiff, entered into a settlement that mutually released the parties from any and all actions and causes of actions that could have been brought against each other in the lawsuit.

2.      On July 2, 2020, Plaintiff filed a three-count Complaint against the Defendants, alleging violations of the First and Fourteenth Amendments under 42 U.S.C. § 1983, Civil Conspiracy under 42 U.S.C. § 1983, violation of Article VI of the Florida Constitution, and Punitive Damages stemming from events that allegedly occurred during Canova I.

3.      The Defendants' position is that the settlement agreement entered into by the parties in *Canova I* forecloses the claims against Defendants in Plaintiff's current lawsuit.

4.      On February 18, 2021, Defendants sent notice of its issuance of subpoenas duces tecum to Plaintiff's former counsel Nelson Mullins Broad and Cassel; Leonard Michael Collins; and Frank P. Rainer. The subpoenas requested the following:

a.      A fully executed settlement agreement reached in *Canova I.*

b.       A copy of any partially executed settlement agreement in *Canova I.*

c.       A copy of any and all drafts of the settlement agreement reached in *Canova I.*

d.       A copy of any and all communications between you or anyone working on your behalf and Defendants or anyone working on behalf of Defendants regarding or relating to the settlement negotiations in *Canova I.*

e.      A copy of any and all documents reflecting the settlement payment paid in *Canova I.*

5.      The instructions to the subpoena specifically provided instructions if the document requested is claimed or thought to be privileged.

6.      On March 5, 2021, Plaintiff filed his Motion seeking a protective order for the entirety of the subpoenas. *See* ECF No. 23.

7.      Plaintiff's Motion fails because (1) Plaintiff in violation of the Federal Rules of Civil Procedure and the Local Rules failed to meet and confer in good faith in an effort to resolve

the dispute without court action; and (2) the Defendants' subpoenas are relevant to the claims, proportional to the needs of the case, and are not seeking privileged information.

## MEMORANDUM OF LAW

A.   <u>Plaintiff Made No Good Faith Effort to Confer or Attempt to Confer Prior to Filing the Motion</u>.

Rule 26(c)(3) provides that a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(3). The Local Rules also require a good faith effort to confer and for the movant to provide a certification that such efforts were made.  *See* S.D. Fla. L.R. 7.1(a)(3). A court may deny a motion for protective order where the movant does not make an effort to confer or include a statement certifying that the movant has conferred with counsel for the opposing party. *See Republic of Haiti v. Crown Charters, Inc.*, 667 F.Supp. 839, 849 (S.D. Fla. August 13, 1987) (denying motion for protective order for failing to confer in good faith); *Rocket Real Estate, LLC v. Maestres*, Case No. 15-62488-civ-COHN/SELTZER, 2016 WL 7508254 (denying motion for protective order because movant did not confer in good faith to try to resolve the issue without court intervention) (S.D. Fla. March 1, 2016).

Plaintiff made no attempts to confer, let alone, confer in good faith with undersigned counsel prior to filing the Motion. Further, the Motion does not include a certification that Plaintiff in good faith conferred or attempted to confer with Defendants prior to filing the Motion. Accordingly, Plaintiff's Motion should be denied.

B.   <u>Plaintiff Cannot Show Good Cause for a Protective Order</u>.

A protective order may be issued if good cause is shown and the court has balanced the interest of those requesting the order. *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989). The burden is on the movant to "show the necessity of a protective order, and the movant must meet this burden with a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Ekokotu v. Federal Exp. Corp.*, 408 Fed. Appx. 331, 335-36 (11th Cir. 2011) (internal quotations omitted).

A "party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential." *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991). Where attorney-client communications are no longer confidential, for example, where there was a disclosure of communication, there is no justification for retaining the privilege. *U.S. v. Suarez*, 820 F.2d 1158, 1160 (11th Cir. 1987).

Settlement agreements have no special protection from privilege. *See Kadiyala v. Pupke*, 2019 WL 3752654 (S.D. Fla. Aug. 8, 2019) (Matthewman, J.) (reviewing cases and finding no privilege protecting settlement agreements from disclosure); *United States ex rel. Cleveland Constr., Inc. v. Stellar Grp., Inc.*, 2017 WL 11460973, at *1 (M.D. Ga. Oct. 23, 2017) (declining to "invent" a settlement agreements privilege); *Bradfield v. Mid-Continent Cas. Co.*, 15 F.Supp.3d 1253, 1256, Case No. 13-cv-222-OC, (M.D. Fla. 2014) (finding that drafts and settlement agreements were not work product protected from discovery).

Plaintiff seeks a protective order to the subpoenas "to the extent they seek privileged or protected documents and are overbroad and unduly burdensome." *See* Motion, ECF No. 23 at p. 3. Plaintiff's Motion fails to specify what communications and documents are confidential.

The Defendants are not seeking privileged information.  The Defendants requests do not seek and are not intended to seek confidential disclosures by Plaintiff to his attorneys or former

attorneys. Defendants seek documents in the form of a fully executed settlement agreement; a partially executed settlement agreement; draft settlement agreements, and documents reflecting the settlement paid in *Canova I*.  The only communications sought are from Plaintiff's former lawyers/agents to Defendants' former lawyers/agents about the settlement of *Canova I*. None of these documents and communications are protected by attorney-client privilege. To mitigate against any issues with privilege or work product, Defendants' subpoenas instructed the recipients of the subpoenas (all of whom are lawyers) that if any document is thought to be privileged to create a privilege log with respect to the documents.

Neither are Defendants' subpoenas overly broad or unduly burdensome. The requested information is narrowly tailored to a specific subject matter and involves little more than a search through the emails and files of Plaintiff's former counsel. Should any of the recipients of the subpoenas articulate any burdens with conducting such a search, they can advise Defendants accordingly. However, at this juncture, Plaintiff has no standing to raise such objections. *See Lesniak v. Geico Gen. Ins. Co.*, No. 2:19-CV-494, 2020 WL 5878022, at *4 (M.D. Fla. Apr. 17, 2020) (holding that a plaintiff did not have standing to object to a non-party subpoena on the basis of undue burden where he had not alleged that he would be required to incur unduly burdensome costs in connection with the subpoena and where the non-party did not object to the subpoena on burdensomeness grounds); *Abby v. Paige*, No. 10-23589-CIV, 2011 WL 13223835, at *2 (S.D. Fla. Mar. 16, 2011) (finding that a party lacked standing to object on the grounds of undue burden and expense to a subpoena to his accountant because the party was not being required to produce anything); *Klima v. Carnival Corp.*, No. 08-20335-CIV-MOORE, 2009 WL 1066969, at *2 (S.D. Fla. Apr. 21, 2009) (finding that a defendant did "not have standing to object to a non-party subpoena on the basis of burdensomeness, oppressiveness, or as being overly broad"); *Auto-*

*Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("Defendants do not have standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds.").

The Defendants seek this information because, as described above, it is the Defendants' position that the settlement agreement entered into by the parties in *Canova I* forecloses the claims against Defendants in Plaintiff's current lawsuit. Although, Defendants believe that the plain language of the release is unambiguous and does release all claims brought in this current lawsuit against Defendants, it is expected that Plaintiff will attempt to argue that the mutual release does not limit his current claims against Defendants. As such, Defendants seeks documents and communications between the parties that evidence an intent behind the settlement agreement.

## **CONCLUSION**

Therefore, this Court should deny Plaintiff's Motion because Plaintiff failed to meet and confer in good faith in an effort to resolve the dispute without court action; and the Defendants' subpoenas are relevant to the claims, proportional to the needs of the case, and are not seeking privileged information.

Respectfully submitted,

Andrew J. Meyers
Broward County Attorney
Governmental Center, Suite 423
115 South Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 357-7600
Facsimile: (954) 357-7641

By:     /s/ *Adam Katzman*　　　　　
Adam Katzman
Assistant County Attorney
Florida Bar No. 652431
akatzman@broward.org

6