UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No:  0:20-cv-61328-SINGHAL

TIM CANOVA,

    Plaintiff,

v.

BRENDA C. SNIPES, DOZEL SPENCER, and the BROWARD COUNTY SUPERVISOR OF ELECTIONS

    Defendants.

_____/

## MOTION TO AMEND ORDER OR TO REMAND

COMES NOW, Plaintiff, TIM CANOVA ("Plaintiff"), and files this Motion to Amend Order or to Remand, pursuant to Federal Rules of Civil Procedure 59 and 60 and 28 U.S. Code § 1447, and in support thereof, states:

## FACTUAL BACKGROUND

1. On June 16, 2020, Plaintiff, Tim Canova, filed a three count Complaint in the Seventeenth Judicial Circuit Court in and for Broward County, Florida, Case No. CACE20-009862, against Defendants Brenda Snipes, Dozel Spencer, and the Broward County Supervisor of Elections ("Defendants").

2. On July 2, 2020, Plaintiff filed a three count Complaint in the United States District Court for the Southern District of Florida, Case No. 20-cv-61328-DIMITROULEAS/SNOW, against Defendants. *See* Exhibit A – Complaint from Case No. 20-cv-61328-DIMITROULEAS/SNOW.

3. On October 15, 2020, Defendants removed Plaintiff's case that was filed in the Seventeenth Judicial Circuit Court in and for Broward County, Florida to the United States District Court for the Southern District of Florida, where it was assigned Case No. 20-cv-62100-SINGHAL.

4. On October 27, 2020, this Court entered an order consolidating the two pending cases. *See* Order entered October 27, 2020.

5. On March 19, 2021, this Court entered an Order granting the Motion to Dismiss filed by Defendants. *See* Order on Motion to Dismiss.

6. Under Section B of the Order, the Court addresses Canova's § 1983 Claims under the First and Fourteenth Amendments.

7. However, this Court's Order did not dispose of the claims brought under Florida law contained in the Complaint that was originally filed in state court.

8. Specifically, Count II of the Complaint from Complaint from the Seventeenth Judicial Circuit Court in and for Broward County, Florida contains claims brought pursuant to the Florida Constitution.

9. The parties would request either amended Order or for the Court to Remand the case for the issue to be decided by the Broward County Court, if more appropriate in this case.

## ARGUMENT

**A. Plaintiff is entitled to amendment of this Court's Order on Motion to Dismiss to the extent that it does not address the state law claims, or an order remanding the state law claims to state court.**

Because this Court's Order on Motion to Dismiss did not address the state law claims contained in the consolidated Complaint, Plaintiff is entitled to amendment of the order to the

extent that it did not contain a ruling on the state law claims. Alternatively, Plaintiff is entitled to an order remanding the remaining state law claims to state court.

Federal Rule of Civil Procedure 59(e) allows for amendment of a judgment, while Federal Rule of Civil Procedure 60(b) allows for reconsideration of a judgment based on "a need to correct a clear error or prevent manifest injustice." *See Liberty Mut. Fire Ins. Co. v. Southern-Owners Ins. Co.*, 2020 U.S. Dist LEXIS 138645, at *5-7 (S.D. Fla. June 30, 2020). A Rule 59(e) motion must be based upon "newly-discovered evidence or manifest errors of law or fact." *Id.* at *6 (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Plaintiff is entitled to amendment or reconsideration of this Court's Order on Motion to Dismiss to the extent that it did not address the state law claims. Because the Complaint that was remanded from state court in this matter contained Count II – Claim for Violations of Article VI of the Florida Constitution Cognizable under 42 U.S.C. § 1983, this Court did not address the state law claim in its Order.

Alternatively, Plaintiff is entitled to an order remanding the unresolved state law claims to state court. Remand is appropriate when the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Federal courts will remand cases to state court when all federal claims are resolved and only state law claims remain. *See*, *e.g.*, *Goins v. City of Quitman*, 2012 U.S. Dist. LEXIS 2187, at *8 (M.D. Ga. Jan. 9, 2012) (remanding state law claims to state court after the plaintiffs' failure to re-allege dismissed federal claims).

## CONCLUSION

Plaintiff is entitled to an amended order addressing the state law claims contained in the Complaint or, alternatively, an order remanding the remaining state law claims to Florida state court.

WHEREFORE, Plaintiff, TIM CANOVA, respectfully requests that this Honorable Court enter an order amending its prior Order on Motion to Dismiss or an order remanding the remaining state law claims in this matter to state court, along with any other such relief as this Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1, I hereby certify that counsel for Plaintiff has made reasonable efforts to confer with Defendants. On April 16, 2021, counsel for Plaintiff communicated with counsel for Defendants by e-mail correspondence regarding the instant motion.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF on April 16, 2021, on all counsel of record.

>DUTTON LAW GROUP, P.A.
>P. O. Box 260697
>Tampa, Florida  33685-0697
>Designated Email Service addresses:
>service.CSD@duttonlawgroup.com
>service.AAS@duttonlawgroup.com
>Phone: (813) 247-2222
>
>/s/ *Christopher S. Dutton*
>_____
>CHRISTOPHER S. DUTTON, ESQUIRE
>Florida Bar No:  115714
>ANDREW STEADMAN, ESQUIRE

# 36203                                       Florida Bar No. 119402